# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DIANA N. PALMER, ET AL.**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**　　　　　　　　　　　　　　　　　　　　　　　NO. 22-442-BAJ-RLB**

**DECATUR HOTELS, LLC, ET AL.**

## ORDER

This order is issued *sua sponte*.

On July 25, 2022, Diana N. Palmer and Edwin M. Palmer III (collectively, "Plaintiffs" or "Palmers") commenced this action by filing an Original Complaint for Corporate Charter Revocation and for Writ of Quo Warranto, alleging that the Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). Plaintiffs name as defendants Decatur Hotels, LLC, the Louisiana Secretary of State R. Kyle Ardoin, and the Louisiana State Attorney General Jeffery Martin Landry. Plaintiffs seek the issuance of a writ of quo warranto addressed to Decatur Hotels, LLC to show cause why its charter should not be revoked in light of, among other things, fiscal irresponsibility, lack of governance, irresponsible litigation tactics, humanitarian irresponsibility, abuse of charter, and abusive derivative actions. (R. Doc. 1 at 2-13). Plaintiffs allege that they paid over $3 million as guarantors of debt held by Decatur Hotels, LLC (or Decatur Hotels Corporation), which Plaintiffs are unable to obtain because Decatur Hotels, LLC and an individual identified as "Quinn"[1] are judgment-proof. (R. Doc. 1 at 3, 13-14). Plaintiffs did not pray for any monetary relief.

Plaintiffs allege in the Complaint that they are citizens of Florida and "all Defendants are citizens of Louisiana." (R. Doc. 1 at 1). The Complaint does not, however, specifically identify

---

[1] Plaintiff's Superseding and Amended Complaint clarified that this individual is F. Patrick Quinn, III. (*See* R. Doc. 21).

the citizenship of the defendant Decatur Hotels, LLC, which is a limited liability company. Pursuant to 28 U.S.C. 1653, the Court ordered Plaintiffs to file an Amended Complaint on or before August 11, 2022 providing the citizenship of Decatur Hotels, LLC by setting forth all citizenship particulars required to sustain federal diversity jurisdiction. (R. Doc. 5). To be clear, the citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members. The citizenship of all of the members of a limited liability company must be properly alleged. In the event a member of a limited liability company is another limited liability company, the members of that limited liability company must be properly alleged as well. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The Complaint does not identify the members of Decatur Hotels, LLC.

On July 27, 2022, Plaintiffs filed into the record a response to the Court's order in lieu of an amended pleading. (R. Doc. 6). This filing did not sufficiently address the citizenship of Decatur Hotels, LLC, including the identity of its members.

On August 11, 2022, Decatur Hotels, LLC filed a Motion to Dismiss pursuant Rule 12(b)(1) and Rule 12(b)(6). (R. Doc. 15). With respect to subject matter jurisdiction, Decatur Hotels, LLC argued that the amount in controversy requirement is not satisfied because there "is no request for damages" and "there are no allegations with regard to what actions Decatur has taken to cause any damages to any party." (R. Doc. 15-1 at 5).

On August 15, 2022, the Court required Plaintiffs to show cause, in writing, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. (R. Doc. 16). The Court ordered Plaintiffs, on or before September 1, 2022, to submit a memorandum specifically addressing the citizenship of the parties (including Decatur Hotels, LLC ) and the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332.

On August 22, 2022, Plaintiff filed a "Preliminary Response" to the show cause order (R. Doc. 19) and a Notice of Rule 41 Dismissal of Decatur Hotels, LLC (R. Doc. 20). Decatur Hotels, LLC has been dismissed as a defendant in this action. (R. Doc. 23). Given the dismissal of Decatur Hotels, LLC, the issue with respect to its potential status as a non-diverse defendant is (currently) moot.

On September 1, 2022, Plaintiff filed a Superseding and Amended Complaint that (1) expressly removed Decatur Hotels, LLC as a named defendant; (2) named F. Patrick Quinn, III ("Quinn") and Robert J. Ellis, Jr. ("Ellis")[2] as additional diverse defendants; and (3) alleges that the amount in controversy exceeds the sum of $75,000 in light of various claims raised against Quinn. (R. Doc. 21).[3]

On September 2, 2022, Ellis and Quinn filed a Motion to Dismiss pursuant Rule 12(b)(1), Rule 12(b)(6), and Rule 12(b)(7). With respect to subject matter jurisdiction, Ellis and Quinn again assert that the amount in controversy requirement is not satisfied. (R. Doc. 22-1 at 6). Ellis and Quinn also seek relief pursuant to Rule 12(b)(7) on the basis that Decatur Hotels, LLC, is a necessary party that "has a right to defend its charter." (R. Doc. 22-1 at 5).[4]

Having considered the record, the Court finds that all issues raised in its August 15, 2022 show cause order have been resolved or are otherwise addressed by the pending Motion to Dismiss filed by Ellis and Quinn. That motion remains pending before the district judge. Any remaining issues regarding subject matter jurisdiction (including whether Decatur Hotels, LLC is

---

[2] Ellis was counsel for Decatur Hotels, LLC. He now represents himself and Quinn in this matter.

[3] Plaintiffs do not provide the basis for filing this pleading directly into the record. The Court notes, however, that this amended was filed within 21 days of service of Decatur's Motion to Dismiss filed on August 11, 2022. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . if the pleading is one to which a responsive pleading is required, . . . 21 days after service of a motion under Rule 12(b).")

[4] If Decatur Hotels, LLC is in fact a necessary party under Rule 19, then its citizenship would again be of central importance with respect to whether the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332.

a necessary party to this action) will be resolved in the course of ruling on the pending Motion to Dismiss.

Based on the foregoing,

**IT IS ORDERED** that no further action on the Court's August 15, 2022 Show Cause Order is required. The Court will address any remaining issues with respect to subject matter jurisdiction and joinder of necessary parties in the course of resolving the pending Motion to Dismiss. The parties shall contact the undersigned immediately upon resolution of that motion should the issuance of a Scheduling Order be appropriate at that time.

Signed in Baton Rouge, Louisiana, on September 16, 2022.

*[signature]*

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**