UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DIANA N. PALMER, ET AL.**                                        CIVIL ACTION

**VERSUS**

**DECATUR HOTELS, LLC, ET AL.**                          NO. 22-00442-BAJ-RLB

## RULING AND ORDER

In this action, Plaintiffs petition the Court to issue Writs of Quo Warranto and Mandamus to Defendant Secretary of State Kyle Ardoin and Defendant Attorney General Jeff Landry, the sum of which would compel these Defendants to revoke the "corporate charter"[1] of Decatur Hotels, LLC ("Decatur"). (*See* Doc. 21 at pp. 4–5, 17–18).

Perhaps realizing that their requested relief is improper and squarely foreclosed by Louisiana law,[2] on September 23, 2022, Plaintiffs voluntarily dismissed

---

[1] Seeing as Decatur Hotels, LLC is a limited liability company, the Court assumes that by "corporate charter" Plaintiffs mean "articles of organization," and will use the correct term in this Ruling and Order.

[2] "Under the provisions of [Louisiana Code of Civil Procedure] Article 3863, a writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. The prescribed duty must be purely ministerial; mandamus will not lie to compel performance of an act which contains any element of discretion, however slight." *Peterson v. May*, 39,470 (La. App. 2 Cir. 4/13/05), 900 So. 2d 297, 299) (holding that while enforcement of the law was primary duty of district attorney, it was not a "ministerial duty," and, thus, writ of mandamus could not be issued directed district attorney…to investigate inmate's complaints). Furthermore, Article 3901, which sets forth the writ of quo warranto, "contemplates a challenge to (1) the authority of one to claim or hold a public office; (2) the authority of one to claim or hold an office in a corporation; and (3) the authority of a corporation to exercise certain powers. The article makes no mention of a challenge to the exercise of powers by one lawfully holding public office." *Menard v. City of New Orleans Enf't & Hearings Bureau,* 2012-1161 (La. App. 4 Cir. 1/18/13), 108 So. 3d 340, 345.

Secretary Ardoin and Attorney General Landry from this action. (*See* Docs. 26, 27). As a result, the only remaining Defendants are Francis Quinn and Robert Ellis—private citizens, and Plaintiffs' former business partners in the Decatur venture.[3] (Docs. 20, 26, 27).

Now before the Court is Quinn's and Ellis's **Motion to Dismiss (Doc. 22),** arguing that the Court lacks subject matter jurisdiction and that Plaintiffs have failed to plausibly allege any actionable claims. (Doc. 22). Remarkably, Defendants' motion is *unopposed*.[4]

At the Rule 12 stage, the critical issue is whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

Plaintiffs' action against the remaining Defendants is deficient on multiple levels. The first and dispositive issue, however, is subject matter jurisdiction. "Under

---

[3] More specifically, Plaintiffs and Defendant Quinn are majority members in Decatur. This action is the latest bout in the years-long legal struggle between them. *See Quinn v. Diana N. Palmer, Edwin M. Palmer, & Decatur Hotels, LLC*, CIVIL ACTION NO. 18-6999 SECTION M (2) *2 (E.D. La. Dec. 19, 2018) ("This case represents just one of the more recent court battles waged between Quinn and Palmer, former business associates who apparently cannot now get along."). Defendant Ellis is Quinn's lawyer. (*See* Doc. 21 ¶ 5).

[4] This Court has repeatedly admonished that it will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf. Pursuant to the Court's Local Civil Rules, and consistent with the general rule that a party's failure to respond to an issue acts as a waiver, Plaintiffs have waived any opposition to Defendants' motion to dismiss. *Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, --- F.Supp.3d ----, 2023 WL 143171, at *17, n.13 (M.D. La. Jan. 10, 2023) (Jackson, J.).

Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation marks omitted). Here, the *only* remaining relief Plaintiffs seek is an order revoking Decatur's articles of organization. (*See* Doc. 33 at p. 2). But the remaining Defendants to this action—Quinn and Ellis—plainly are not in a position to give Plaintiffs what they want. Nor have Plaintiffs identified any statute or authority that would authorize this Court to unilaterally revoke Decatur's articles of organization. Absent any authority to grant Plaintiffs the relief they seek, Plaintiffs' action must be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Dismiss (Doc. 22)** be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned action be and is hereby **DISMISSED**.

Judgement shall issue separately.

Baton Rouge, Louisiana, this 16th day of February, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**